UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN NOONAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15-CV-1305 CAS |
| | ) |
| CACH, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This closed civil matter is before the Court on defendants' motion for sanctions under Rule 11, Federal Rules of Civil Procedure. Plaintiff opposes the motion and it is fully briefed. The motion will be denied as untimely and procedurally deficient.

**I. Background**

Plaintiff filed this action in state court alleging violations of the Fair Debt Collection Practices Act and the Missouri Merchandising Practices Act. Plaintiff alleged that the defendants had brought a debt collection lawsuit against him in state court to obtain payment on an account they purchased in bulk, without the means or intent of obtaining the evidence necessary to prove their claims during the pendency of the state court action. Defendants removed the case to this Court and plaintiff subsequently filed an amended complaint that added two defendants. Defendants filed a motion to dismiss two of the defendants and a motion for judgment on the pleadings with respect to the other defendants.

On February 11, 2016, plaintiff filed a motion to stay briefing on the motion for judgment on the pleadings, asserting that the motion was more in the nature of a motion for summary judgment and that he needed to conduct additional discovery in order to properly respond (Doc. 37).

On February 19, 2016, the defendants filed a motion to stay discovery pending a ruling on their motion for judgment on the pleadings (Doc. 40). On March 18, 2016, plaintiff filed a motion to voluntarily dismiss the case with prejudice under Rule 41(a)(2), Fed. R. Civ. P. (Doc. 43). The defendants did not respond to the motion to dismiss within the time permitted. On March 29, 2016, the Court granted plaintiff's motion to dismiss this case with prejudice and denied all pending motions as moot (Doc. 44).

On April 6, 2016, defendants filed the instant motion for sanctions under Rule 11, which asserts that after the defendants produced documentation showing that plaintiff's allegations were not based in fact, plaintiff continued to advocate his claims, thereby violating Rule 11.[1] Plaintiff opposes the motion, asserting that the claims he voluntarily dismissed were warranted by existing law, that to the best of his knowledge, information and belief he possessed sufficient evidence to submit a triable issue of fact to a jury as to whether defendants actually intended to prosecute the state court collection lawsuit, and that he had an objectively reasonable belief his allegations would have additional evidentiary support after a reasonable opportunity for further discovery. Defendants reply that even if plaintiff believed he had a valid claim at the time he filed this action, he knew as of the time defendants filed their answer to the complaint that they were willing and able to prove the debt, but rather than investigating defendants' information, he "persisted with propounding discovery" and then filed an amended complaint even though discovery did not yield any evidence to support his claims. Reply at 2.

---

[1] Defendants state that they produced "the purchase and sale agreement governing the sale of the debt, the bill of sale and the redacted account list identifying and providing further information on the specific debt, and an affidavit from the original creditor attesting to the debt." Defs.' Mem. Supp. Mot. for Sanctions at 2 (Doc. 45).

**II. Discussion**

As a threshold matter, a district court retains jurisdiction over a Rule 11 motion even after a voluntary dismissal occurs under Rule 41(a)(1)(i). Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395-96 (1990). Courts have extended the reasoning of Cooter to voluntary dismissals under Rule 41(a)(2) as well. See VanDanacker v. Main Motor Sales Co., 109 F.Supp.2d 1045, 1052 (D. Minn. 2000) (citing Dunn v. Gull, 990 F.2d 348, 350 (7th Cir. 1993)).

Rule 11 requires that every pleading, written motion, or other paper be signed by an attorney or pro se party. By signing, filing, submitting or later advocating the pleading, motion or paper, the signer represents to the court that "to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, . . . (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law . . . ." Fed. R. Civ. P. 11(b). Upon determining that Rule 11(b) has been violated, a court may impose appropriate sanctions either on its own motion or after proper motion by a party. Fed. R. Civ. P. 11(c).

Rule 11(c) governs the sanctions process under Rule 11. It states in relevant part:

> *(2) Motion for Sanctions*. A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Rule 11(c)(2), Fed. R. Civ. P.

Rule 11 was substantially amended in 1993. The purpose of the amendment was to "reduce the number of motions for sanctions presented to the court" by allowing a mechanism for the parties to self-police the proceedings. Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendments).

This was accomplished by creating a process under which a party must be given a formal opportunity to withdraw from improper conduct. Under the Rule, "a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refused to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation." Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendments). The twenty-one day period of time for action following service of a Rule 11 motion is called a "safe harbor." The Eighth Circuit has required that district courts and attorneys scrupulously follow Rule 11's safe harbor provision. See Gordon v. Unifund CCR Partners, 345 F.3d 1028, 1029-30 (8th Cir. 2003).

Here, defendants' motion does not clearly establish their compliance with Rule 11's safe harbor provision. Defendants state in the memorandum in support of their motion for sanctions that they served a copy of the Rule 11 motion on plaintiff via regular mail and email "as stated in the certificate of service attached hereto. Despite said service, Plaintiff has not withdrawn or corrected his amended complaint within 21 days. Thus, Defendants' motion is procedurally proper." Defs.' Mem. Supp. Mot. for Sanctions at 3 (Doc. 45). The certificate of service on defendant's Rule 11 motion is dated April 6, 2016, seven days after plaintiff's complaint was dismissed with prejudice.[2] The memorandum in support also states that defendants "ma[d]e the decision to serve Plaintiff with a Rule 11 motion based upon his amended complaint," but do not state when service occurred and only attach to their memorandum an email from plaintiff's counsel dated December 30, 2015 with

---

[2]The Court notes that defendants purported to file their motion for Rule 11 sanctions on April 4, 2016, but actually filed only the memorandum in support of the motion, and erroneously docketed it as a motion for Rule 11 sanctions. (See Doc. 45 and Clerk's notation of attorney filing error.) After the Clerk called this error to defendants' attention, they filed their motion for Rule 11 sanctions on April 6, 2016 (Doc. 46).

the subject line, "Re: Correspondence Regarding Rule 11." The Court cannot glean from the cryptic references in the email when the defendants served their motion for sanctions on plaintiff, whether it was actually in the form of a motion, or the specific conduct the defendants alleged violated Rule 11(b).

If defendants did not fully comply with the twenty-one day safe harbor rule, any imposition of sanctions would be improper. See Gordon, 345 F.3d at 1028 (district court abused its discretion in granting sanctions where party did not request Rule 11 sanctions in a separate motion and did not follow the twenty-one day safe harbor rule). A party moving for Rule 11 sanctions must establish its compliance with the rule, and defendants here have failed to do so.

Further, even assuming that defendants served a Rule 11 motion on plaintiff in full compliance with Rule 11(c)'s requirements, their motion for sanctions is untimely. The safe harbor provision of Rule 11 "functions as a practical time limit" for the filing of a motion for sanctions, as such motions "have been disallowed as untimely when filed after a point in the litigation when the lawyer sought to be sanctioned lacked an opportunity to correct or withdraw the challenged submission." In re Pennie & Edmunds, LLC, 323 F.3d 86, 89 (2d Cir. 2003). Courts have uniformly denied Rule 11 motions where, as here, a motion was not filed until after the case was dismissed. See Roth v. Green, 466 F.3d 1179, 1193 (10th Cir. 2006) (motions for Rule 11 sanctions filed after district court dismissed complaint should have been denied; citing cases from four other circuits); VanDanacker, 109 F.Supp.2d at 1054.

The courts have reasoned that to grant Rule 11 sanctions based on a motion filed post-dismissal would defeat the purpose of the safe harbor provision. The advisory committee notes to Rule 11 provide strong support for this conclusion:

> Ordinarily the motion should be served promptly after the inappropriate paper is filed, and, if delayed too long, may be viewed as untimely . . . . Given the "safe harbor" provisions . . . [in Rule 11(c)(2)], a party cannot delay serving its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention).

Fed. R. Civ. P. 11, Advisory Committee Notes (1993 Amendments). A leading federal practice treatise explains the rationale for this rule: "if the court disposes of the offending contention within the 21-day safe-harbor period after service, it becomes impossible under the provision of Rule 11(c)(2) to file the motion or otherwise present it to the court." 2 James Wm. Moore et al., Moore's Federal Practice § 11.22[1][c] (3d ed. 2014); see also 5A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1337.2, at 727 (3d ed. 2004) ("[S]ervice of a sanctions motion after the district court has dismissed the claim or entered judgment prevents giving effect to the safe harbor provision or the policies and procedural protections it provides, and it will be rejected.").

Because defendants' motion for Rule 11 sanctions was not filed until after the Court dismissed plaintiff's complaint with prejudice, the motion is untimely and must be denied because it defeats the purpose of the safe harbor provision of Rule 11.[3]

---

[3] The Court will not consider plaintiff's request for attorneys' fees based on defendants' filing of an allegedly frivolous Rule 11 motion, which was contained in the body of plaintiff's opposition memorandum. Under Rule 7, Fed. R. Civ. P., any request for a court order must be made by a motion in writing that states with particularity the grounds for seeking the order and the relief requested. 10 James Wm. Moore, et al., Moore's Federal Practice § 55.71[1] (3d ed. 2014). Even if plaintiff had filed a motion for attorneys' fees, plaintiff's opposition did not assert that defendants' motion for Rule 11 sanctions was frivolous because it was untimely or procedurally defective, but rather addressed the motion on its merits, which the Court does not reach.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Rule 11 Sanctions is **DENIED**.

[Doc. 46]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  26th  day of April, 2016.